UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DOMINIC CHARLES, SHARON
CHARLES, and MONROE COUNTY,

        Defendants.
_____/

Case No. 19-13069

Paul D. Borman
United States District Judge

**OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DOMINIC CHARLES AND SHARON CHARLES AND (2) STAYING ORDER OF JUDICIAL SALE OF REAL PROPERTY FOR 90 DAYS**

Plaintiff United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, brought this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by Defendants Dominic Charles and Sharon Charles and (2) enforce the federal tax liens against certain real property belonging to them. Presently before the Court is Plaintiff's Motion for Default Judgment against Defendants Dominic Charles and Sharon Charles pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 12, Pl.'s Mot. Def. J.) Defendants have not responded to the motion. The Court has determined, pursuant to E.D. Mich. L.R. 7.1(f), that a hearing is not necessary and decides the matter on the written submission. For the reasons that

follow, the Court GRANTS Plaintiff's Motion for Default Judgment.

## I. FACTUAL BACKGROUND

On October 18, 2019, Plaintiff United States of America brought this action against Defendants Dominic Charles, Sharon Charles and Monroe County, Michigan. (ECF No. 1, Compl.) As to the Charles Defendants, Plaintiff seeks to (1) reduce to judgment unpaid federal tax liabilities owed by them and (2) to enforce the federal tax liens against certain real property belonging to them. (*Id.* at p. 1, PgID 1.) Defendant Monroe County, Michigan was joined as a party because, as the local taxing authority, it may claim a lien on or an interest in the real property at issue arising from the nonpayment of property taxes that have priority over federal tax liens, and because the local real property taxes must be paid in connection with any sale under the orders of this Court. (*Id.* ¶ 4.)

Plaintiff alleges in Count One of its *C*omplaint, "Claim Against Dominic Charles and Sharon Charles to Reduce Income Tax Liabilities to Judgment," that a delegate of the Secretary of Treasury made joint assessments against the Charles Defendants for income taxes for the periods, on the dates, and in the amounts as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 10/17/2019 |
|---|---|---|---|---|
| 12/31/2008 | 10/19/2009 | Income Tax | $102,649.20 | $24,230.31 |
| 12/31/2009 | 5/7/2012 | Income Tax | $77,095.06 | $73,190.11 |
| 12/31/2010 | 5/7/2012 | Income Tax | $86,028.58 | $105,551.78 |
| | | | Total | $202,972.20 |

(*Id*. ¶ 9.) Plaintiff contends that despite proper notice and demand, the Charles Defendants failed, neglected or refused to fully pay the liabilities, and that they remain jointly and severally liable to the United States in the amount of $202,972.20, plus statutory additions and interest. (*Id*. ¶¶ 10-11.)

Plaintiff alleges in Count Two, "Claim Against All Parties to Enforce Federal Tax Liens Against Real Property," that because the Charles Defendants neglected, refused or failed to pay the liabilities described above, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 and attached to their Real Property located at 1044 Abbey Road, Monroe, Michigan, with a legal description of:

> Lot 11, Carrington Woods, according to the plat thereof, as recorded in Liber 18 of Plats, Page 15 to 20, Monroe County Registrar of Deeds Office
>
> Tax Plate No. 58-12-266-011-00.

(*Id*. ¶¶ 8, 19-20.) Plaintiff asserts that it is entitled to enforce the federal tax liens against the Real Property pursuant to 26 U.S.C. § 7403 and to have the property sold

3

in a judicial sale, with the proceeds distributed: first, to pay the costs of sale; second, to Monroe County, Michigan to pay any real estate taxes due and owing; third, to the United States to pay the liabilities described above; and fourth, to the Charles Defendants to the extent of any remaining proceeds.  (*Id.* ¶ 21.)

On December 2, 2019, summonses were issued for all Defendants. (ECF No. 2.) The summons was returned executed for Defendant Monroe County on December 30, 2019 (ECF No. 3)*,* and Monroe County filed its Answer on January 6, 2020, asserting that it has a lien and claims an interest in the Real Property for unpaid 2018 winter taxes in the amount of §4,040.40.  (ECF No. 4, Monroe County Answer, ¶ 4.)  Defendant Sharon Charles was personally served with a copy of the summons and *C*omplaint on January 3, 2020, and a copy of the summons and *C*omplaint for Dominic Charles was left with Sharon Charles (Dominic's wife) at their residence, and the summonses were returned executed for both Charles Defendants on January 14, 2020.  (ECF Nos. 5 and 6.)  The Charles Defendants have not answered or otherwise responded to the Complaint.

Plaintiff filed a Request for Clerk's Entry of Default as to Dominic Charles and Sharon Charles on February 13, 2020, with an affidavit attesting that Dominic Charles and Sharon Charles have failed to plead or otherwise defend and are not on active-duty military service, and the Request was granted that same day. (ECF No.

8, Pl.'s Req. Entry of Default; ECF Nos. 9 and 10, Clerk's Entries of Default as to Dominic Charles and Sharon Charles.)

On February 24, 2020, counsel for Plaintiff sent Dominic Charles and Sharon Charles each a separate letter advising them that the Court had entered default against them and seeking their cooperation in a private sale as opposed to a forced sale. (Pl.'s Mot. Def. J. at pp. 3-4, PgID 44-45; ECF Nos. 12-1 and 12-2, Letters to Dominic and Sharon Charles.) Neither Defendant contacted Plaintiff's counsel in response to the letters. (Pl.'s Mot. Def. J. at p. 4, PgID 45.)

On March 25, 2020, Plaintiff filed its Motion for Default Judgment Against Dominic Charles and Sharon Charles and certified that it served the motion on the Charles Defendants by U.S. mail. (ECF No. 12, Pl.'s Mot. Def. J.) Plaintiff seeks a judgement that includes a provision that it may enforce its tax liens on the Charles Defendants' real property, but it does not seek an order of sale for at least 90 days or more, due both to the current pandemic and because Plaintiff will first attempt to persuade the Defendants to cooperate in a voluntary sale given that there appears to be equity in the property at issue. (*Id.* at pp. 1, 5 fn.2, PgID 40, 46.) No response to the motion has been filed.

## II.    LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining default judgment against a defendant who fails to plead or otherwise defend. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Once the clerk enters a default under Rule 55(a), all of a plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fidelity & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)).

A plaintiff may then seek a default judgment under Rule 55(b).  When the complaint alleges damages for a sum certain, a default judgment by the clerk is appropriate. Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *see also Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) ("Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved.") (*quoting Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). The Court exercises its discretion in determining whether to enter a default judgment. *American Auto. Ass'n v. Dickerson*, 995 F. Supp. 2d 753, 756 (E.D. Mich.

2014) (*citing* Wright & Miller, 10A FEDERAL PRACTICE & PROCEDURE, § 2685 (3d ed. 1998) (collecting cases)).

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj*, 331 F. App'x at 355 (*quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). Rule 55 states that, in entering a default judgment:

> … The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2). Under Rule 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III. ANALYSIS

#### A. Service of Process is Proper

"[B]ecause a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default." *Dickerson*, 995 F. Supp. 2d at 756 (*quoting Russell v. Tribley*, No. 10-14824, 2011 WL 4387589, at *8 (E.D. Mich. Aug. 10, 2011) (collecting cases)); *see also O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2004) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties…. Therefore, if service of process was not proper, the court must set aside an entry of default.") (citations omitted).

In this case, Sharon Charles was personally served with the summons and Complaint at 1460 N. Monroe Street, Monroe, Michigan 48162. (ECF No. 5.) A copy of the summons and Complaint for Dominic Charles was left with Sharon Charles at their residence, located at 1044 Abbey Road, Monroe, Michigan 48161. (ECF No. 6.) Sharon Charles is Dominic Charles' wife and a person of suitable age and discretion. (*Id.*; ECF No. 8-1, Thelma A. Lizama Declaration, ¶¶ 3-5.) The summonses were returned executed on January 14, 2020. (ECF Nos. 5, 6.) Accordingly, the Court finds that Dominic Charles and Sharon Charles were

properly served in accordance with Rules 4(e)(2)(A) and 4(e)(2)(B) of the Federal Rules of Civil Procedure.[1]

**B.     Liability**

Plaintiff obtained the Clerk's Entry of Default as to Defendants Dominic Charles and Sharon Charles on February 13, 2020. (ECF Nos. 9, 10.) Accordingly, the Charles Defendants have "failed to plead or otherwise defend" this action, Fed. R. Civ. P. 55(a), and therefore the material allegations in the Complaint are deemed admitted. *See Cross*, 441 F. Supp. 2d at 846.

Accepting as true the facts set forth in the Complaint, a delegate of the Secretary of the Treasury made joint assessments against Dominic Charles and Sharon Charles for income taxes for tax years 2008, 2009 and 2010. (Compl. ¶ 9.) These liabilities have a total balance of $202,972.20, plus statutory additions and interest accruing from October 17, 2019, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c). (*Id.* ¶¶ 9, 11.) Plaintiff asserts that "[n]o inquest hearing is required because the amounts claimed are sums certain based on self-prepared and self-filed joint income tax returns by the defendants that were assessed

---

[1] Pursuant to Federal Rule of Civil Procedure 4, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by" "delivering a copy of the summons and of the complaint to the individually personally," Rule 4(e)(2)(A), or by "delivering a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," Rule 4(e)(2)(B).

in the amounts of tax reports, and because the penalties (for late filing two of the three years and late payment for all three) and interests are determined by the IRS computer applying mathematical functions and accounting for payments and credit." (Pl.'s Mot. Def. J. at pp. 2-3 & fn.1, PgID 43-44.)

Plaintiff argues that although this claim is for a sum certain, it is necessary for the Court, instead of the Clerk, to grant judgment under Rule 55(b)(2) "in light of the relief sought in Count II – an order enforcing the federal tax liens." (*Id*. at p. 1, PgID 42.) Specifically, Plaintiff requests that the Court:

> (1) enter judgment in favor of the United States and against Defendants Dominic Charles and Sharon Charles, jointly and severally, in the amount of $202,972.20 as of October 17, 2019, plus statutory additions, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and at the rates provided therein as directed in 28 U.S.C. § 1961(c);
>
> (2) determine that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities on the real property at 1044 Abbey Road, Monroe, Michigan, 48161 owned by Defendants Dominic and Sharon Charles; and
>
> (3) order the that federal tax liens be enforced against the real property in a judicial sale, to take place at least 90 days after the date of the judgment, with the proceeds of sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the property; second, to Defendant Monroe County, Michigan, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to Plaintiff to pay the liabilities described above; and fourth to Dominic Charles and Sharon Charles to the extent of any remaining proceeds, as well as any other further relief the Court deems just and proper.

(Pl.'s Mot. Def. J. at pp. 4-5, PgID 45-46.) Plaintiff states that it will not seek an order of sale for at least 90 days after judgment is entered, due both to the current pandemic and because Plaintiff will first attempt to persuade Defendants to cooperate in a voluntary sale given that there appears to be equity in the property. (*Id*. at pp. 1, 5 fn.2, PgID 40, 46.)

The Court has reviewed Plaintiff's request for default judgment and is satisfied of the following in accordance with Rule 55(b)(1) and (b)(2) that: (1) Plaintiff's claim is for a sum certain; (2) that the Defendants are not a minor, incompetent or in the military service of the United States; and (3) that Defendants have not appeared personally or by counsel. Therefore, the Court will grant Plaintiff's Motion for Default Judgment Against Dominic Charles and Sharon Charles.[2]

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Default Judgment and Orders as follows:

---

[2] Plaintiff also states, in a footnote, that it reserves the right to have proceeds otherwise available to Dominic and Sharon Charles be applied to any other outstanding tax liabilities, noting that "[i]t appears that, after the filling [sic] of the complaint, the IRS filed an additional Notice of Federal Tax Lien for tax year 2018 for over $30,000, and it is now possible that they also have a 2019 liability for which a return has not yet been filed." (Pl.'s Mot. Def. J. at p.5 fn.2.) The Court declines to address this request at this time because it was not pleaded in the Complaint and there is no sum certain supported by a "delegate of the Secretary of Treasury."

(1) Plaintiff United States is entitled to Judgment and against Defendants Dominic Charles and Sharon Charles, jointly and severally, for tax liabilities for the tax years 2008, 2009 and 2010, in the amount of **$202,972.20** as of October 17, 2019, plus statutory additions, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and at the rates provided therein as directed in 28 U.S.C. § 1961(c), which continues to accrue from and after that date;

(2) Plaintiff United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraph (1) on the real property located at 1044 Abbey Road, Monroe, Michigan 48161, owned by Defendants Dominic Charles and Sharon Charles as tenants by the entirety;

(3) The federal tax liens securing the liabilities described above, pursuant to 26 U.S.C. § 7403, shall be enforced against the real property by subsequent order of this Court directing the sale of the entire real property in a judicial sale (including by a received if requested by the United States), **no sooner than 90 days after the date of the Judgment**, free and clear of all rights, titles, or interest of the parties, including any rights or redemption, with the proceeds of the sale distributed:

    (a) first, to pay the costs of the sale, including any expenses incurred to secure and maintain the real property;

(b) second, to the Defendant Monroe County, Michigan, to pay any real estate taxes due and owing which are entitled priority under 26 U.S.C. § 6323(b)(6);

(c) third, to Plaintiff United States to pay the liabilities described in paragraph (1) above;

(d) fourth, to Dominic Charles and Sharon Charles to the extent of any remaining proceeds; and

(4) The United States may file a proposed Order of Sale no sooner than 90 days after the date of the Judgment.

IT IS SO ORDERED.

Dated: June 3, 2020

s/Paul D. Borman  
Paul D. Borman  
United States District Judge